IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| MICKEY JONES,<br><br>        Petitioner,<br><br>vs.<br><br>JERRY BURT,<br><br>        Respondent. | No. C06-0181-LRR<br><br>INITIAL REVIEW ORDER |

This matter is before the court on the petitioner's application for a writ of habeas corpus, application to proceed in forma pauperis and application for appointment of counsel. The petitioner submitted his applications on December 18, 2006. The petitioner paid the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring $5.00). For the following reasons, the petitioner's application for a writ of habeas corpus shall be dismissed without prejudice and the petitioner's application to proceed in forma pauperis and application for appointment of counsel shall be denied as moot.

Currently confined at the Anamosa State Penitentiary in Anamosa, Iowa, the petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of a disciplinary decision that resulted in 90 days disciplinary detention and the loss of 46 days good time credit. The petitioner contends that he challenged the respondent's allegation that he violated institutional rules. The petitioner also contends that he timely appealed the disciplinary decision.

On December 18, 2006, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In such application, the petitioner asserts several arguments, including that the disciplinary report violates due process principles and the notice did not comport with the policy of the Iowa Department of Corrections. The

petitioner also makes clear in his application for a writ of habeas corpus that he did not file an application for post-conviction relief pursuant to Iowa Code chapter 822 because his projected discharge date would arrive before the Iowa courts could resolve his post-conviction relief action. The court now turns to consider the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

A petitioner, before obtaining federal habeas corpus review of her state confinement, must first "exhaust" her federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1).[1] A petitioner has exhausted her state remedies when she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed.

---

[1] 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991) *see also* 28 U.S.C. § 2254(c).[2] In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appeal argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)).

The fair presentment component of the exhaustion requirement compels a petitioner to affirmatively:

> refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.

*Ashker*, 5 F.3d at 1179 (quotations and citations omitted); *accord Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus application have been properly raised in the prisoner's state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (full and fair presentment of claims to the state court requires "full factual development" of the claims in that forum).

"The purpose of the fair presentation component of the exhaustion requirement is to give state courts the first opportunity to review federal constitutional issues and to correct federal errors made by the state's trial courts." *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1987); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct.

---

[2] 28 U.S.C. § 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

887, 130 L. Ed. 2d 865 (1995) (per curiam) (same).  If a petitioner has not fully presented her federal claims in state court, the claims are barred in federal court and must be dismissed, unless the petitioner can either show both good cause for her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989).

Here, the petitioner is attempting to challenge a disciplinary decision.  The petitioner, however, states in his application for a writ of habeas corpus that he did not file a post-conviction relief action.  Based on the petitioner's statements, the court finds that the petitioner failed to adequately present his claims to the state courts as he is required to do if he seeks habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *Carmichael v. White*, 163 F.3d 1044, 1045-46 (8th Cir. 1998).  Further, nothing is preventing the petitioner from pursuing post-conviction relief pursuant to chapter 822 of the Iowa Code.  *See* Iowa Code section 822.1, et al. (providing for post-conviction relief).  Therefore, the court finds that the petitioner failed to show good cause for any failure to present his claims to the highest state court and actual prejudice as a result of the alleged constitutional violation or a potential for the fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 750; *Keithley*, 43 F.3d at 1218; *Maynard*, 981 F.2d at 984; *Buckley*, 892 F.2d at 718.  Because it is clear that 28 U.S.C. § 2254(b) bars the petitioner's action, it is appropriate to summarily dismiss the application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases.

Having determined that it is appropriate to dismiss without prejudice the petitioner's application for a writ of habeas corpus, the court deems it appropriate to deny as moot the petitioner's application to proceed in forma pauperis and application for appointment of counsel.

**IT IS THEREFORE ORDERED**:

1) The petitioner's application to proceed in forma pauperis is denied.

2) The petitioner's application for appointment of counsel is denied.

3) The petitioner's 28 U.S.C. § 2254 application is dismissed without prejudice.

**DATED** this 29th day of December, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA